### ROSATA v. CALI.
### No. 2106.

·Court of Appeal of Louisiana. First Circuit.
April 10, 1940.

Rownd & Tycer, of Hammond, for appellant.

Reid & Reid, of Hammond, for appellee.

OTT, Judge.

The suit was filed April 10, 1939, to compel the defendant to vacate a ten-acre tract of land. The action is brought under Act No. 298 of 1938, and it is alleged in the petition that the defendant is in possession of said property by sufferance of plaintiff and has been in possession of said property since the death of plaintiff's mother on January 7, 1939. It is also alleged that notice to vacate was given defendant, but defendant refuses to vacate. A rule to show cause why defendant should not be ordered to vacate the premises was issued. Defendant filed an exception of no cause or right of action which was overruled. Defendant then filed answer admitting that the plaintiff was the legatee under the last will and testament of his mother bequeathing the property to plaintiff, but he denies that plaintiff has ever been put in possession of the property under the will. He avers that if plaintiff is the owner of the land, he is not the owner of the crop of strawberries growing thereon because plaintiff's mother before her death agreed to permit defendant to make a crop of strawberries on said land, and that he was then in possession of the land under said agreement growing a crop of strawberries thereon. Defendant alleges that he is the owner of the crop of strawberries being grown on said land and that he is entitled to retain possession of the land until the crop of strawberries thereon has been harvested.

There is no note of evidence in the record, but the judgment rendered on April 17, 1939, recites that the law and the evidence "being in favor of plaintiff" the rule was made absolute and the defendant was commanded to deliver possession of the ten-acre tract of land to the plaintiff. An order of appeal was obtained by defendant and the appeal was filed in this court on June 2, 1939.

No briefs have been filed in this court by either side. In the absence of the evidence taken on the trial of the rule (if any evidence was taken) and in the absence of any briefs pointing out any errors in the judgment, we are unable to say that the judgment, is erroneous. We must accept as correct the statement in the judgment that the law and the evidence were in favor of plaintiff. Moreover, as defendant apparently claimed only the right to retain possession of said land until he could harvest his crop, and as the crop season for 1939 has passed, it appears that the issues raised by the pleadings are now only moot questions. For all we know, defendant may have vacated the land.

For the reasons assigned, the judgment is affirmed at the cost of appellant in both courts.