This is a sequence of a former suit brought by the plaintiff against the same defendant to compel the defendant to vacate a ten-acre tract of land. In the former suit we affirmed a judgment in favor of plaintiff condemning the defendant to deliver possession of the land to the plaintiff. The basis of our affirmance is to be found in the concluding paragraph. See 195 So. 45.
This suit was subsequently filed seeking to recover the value of the strawberry crop then growing on the property and harvested by the defendant prior to his delivering possession of the property or for rent on a quantum meruit. The defense is that defendant was the owner of the crop of strawberries then growing on the property.
On trial of the case there was judgment in favor of the defendant, dismissing plaintiff's suit. Plaintiff has appealed.
It appears that plaintiff's foster mother, Mrs. Rosaria Litano Cali, defendant's wife, owned a certain fifteen-acre tract of land upon which she and her husband resided. This land was cultivated and farmed by her husband in the growing of strawberries. At the time of the death of Mrs. Cali, on January 7, 1939, there was a crop of strawberries growing thereon, the efforts of defendant. Mrs. Cali left a will in which she bequeathed to the plaintiff the south ten (10) acres, and to her husband the north five (5) acres of the fifteen acres of her farm. All of the other property that she might own she bequeathed to both the plaintiff and the defendant, share and share alike. The will was duly probated on January 23, 1939.
In the settlement of the estate and in the partition of said other property left by the deceased, the plaintiff and the defendant entered into a written agreement wherein defendant was to receive the five acres bequeathed to him and to retain all other properties, save a packing shed and a sewing machine, which said shed and machine were to belong to the plaintiff, and to pay plaintiff the sum of $55 on April 20, 1939; the plaintiff was to receive the ten acres bequeathed to him, the packing shed, the sewing machine and the $55 as his share of the other properties. On April 25, 1939, on a joint petition of the plaintiff and the defendant, this written agreement was confirmed by the court and a judgment signed recognizing and putting the said parties in possession of their respective properties. The evidence is that defendant paid the plaintiff the $55 as called for by the written agreement and judgment.
As previously stated, the evidence shows that defendant, before his wife's death, had planted a strawberry crop on his wife's land, and which crop was growing at the time of her death. This crop was community property; it was a movable property, the mere fact that it matured after the time of Mrs. Cali's death does not alter the situation. Wilcox v. Henderson (second case), 9 La.Ann. 347; Civil Code, Article 2407. It is obvious that plaintiff did not own the crop growing upon his portion of the land bequeathed to him just because Mrs. Cali died in January before the crop was matured and harvested. Whatever interest plaintiff had in this crop, it is our opinion that he sold it to the defendant shortly after the death of Mrs. Cali when he agreed with the defendant that the defendant was to be the owner of all other movable properties owned by the estate, save and except the shed and sewing machine by the payment of $55, which was to equalize their share in such settlement. He is bound thereby.
As to his demand for rent on a quantum meruit we find no merit in his contention. Defendant delivered to plaintiff the possession of the land as soon as the crop was harvested. There is no evidence showing that the defendant deliberately failed to gather and harvest the crop beyond the period necessary to do so.
Finding no error committed by the trial judge, for these reasons the judgment of the district court is affirmed. *West Page 56